# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY LAWRENCE NANCE, )<br>#03781-084, )<br>)<br>          Petitioner, )<br>)<br>vs. )<br>)<br>T.G. WERLICH, )<br>)<br>          Respondent. ) | Case No. 19-cv-00968-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jimmy Lawrence Nance, an inmate currently incarcerated at the United States Penitentiary located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He asserts actual innocence with respect to the conviction and sentence imposed in *United States v. Nance,* No. 92-CR-00135-JPJ-1 (W.D. Va. 1993) ("Criminal Case"). (Doc. 1, p. 5).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

**Procedural Background[1]**

In 1993, a jury found Nance guilty of first-degree murder of a United States Postal employee engaged in the performance of her official duties and he was sentenced to life imprisonment. *See* 18 U.S.C. §§ 1111, 1114; Criminal Case, Doc. 61. The Fourth Circuit Court of Appeals affirmed his sentence and conviction. *United States v. Nance,* 67 F.3d 298 (4th Cir. 1995) (unpublished), *cert. denied,* 516 U.S. 1136 (1996). Since then, Nance has raised numerous unsuccessful challenges to his conviction and sentence pursuant to 28 U.S.C. § 2255 and has repeatedly sought relief from the Fourth Circuit Court of Appeals.[2] *See also Nance v. Thomas,* No. 15-cv-05099-BHH, at Doc. 42, p. 2 (D.S.C.

---

[1] The court documents from Nance's criminal proceeding and litigation history are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] *See, e.g., Nance v. United States,* No. 96-cv-00334-JCT-gc (W.D. Va. Nov. 7, 1996) (dismissing § 2255 motion); Criminal Case, Doc. 121 (May 23, 1997) (dismissing motion Ex Parte rule 60(b)(6), construed as §2255 motion); Criminal Case, Doc. 127 (Nov. 20, 1997) (denying motion for reconsideration of denial of § 2255 motion); *United States v. Nance,* 107 F.3d 868 (4th Cir. 1997) (unpublished) (denying certificate of appealability and dismissing appeal); Criminal Case, Doc. 132 (Feb. 24, 1998) (denying motion for leave to file § 2255); *Nance v. United States,* 99-cv-00006-JCT-gc (W.D. Va. Jan. 11, 1999) (dismissing § 2255 motion); *United States v. Nance,* 181 F.3d 93, 1999 WL 352971 (4th Cir. 1999) (unpublished) (denying certificate of appealability and dismissing appeal); *In Re Nance,* No. 05-593 (4th Cir. Jan. 24, 2006) (unpublished) (denying authorization to file a second or successive § 2255); *Nance v. United States,* No. 11-cv-80382-JCT-RSB (W.D. Va. Nov. 21, 2011) (dismissing § 2255 motion); *United States v. Nance,* 471 F. App'x 111 (4th Cir. 2012) (unpublished) (denying certificate of appealability and dismissing appeal); *In Re Nance,* No. 12-262 (4th Cir. Aug. 14, 2012) (unpublished) (denying authorization to file a second or successive § 2255); *Nance v. United States,* No. 11-cv-80519-JCT-RSB (W.D. Va., Sept. 24, 2012) (dismissing § 2255 motion); *United States v. Nance,* 507 F. App'x 318 (4th Cir. 2013) (unpublished) (denying certificate of appealability and dismissing appeal); Criminal Case, Doc. 263, 2013 WL 594230 (W.D. Va. Feb. 15, 2013) (construing Request for Judicial Notice as a § 2255 and denying the motion); *Nance v. United States,* 13-cv-80562-JCT-RSB (W.D. Va. Feb. 15, 2013)(dismissing § 2255 motion); *In Re Nance,* 538 F. App'x 300 (4th Cir. 2013) (unpublished) (denying request for writ of mandamus to compel district court to address claims in his § 2255 proceedings); *Nance v. United States,* 14-cv-80760-JCT-RSB, 2014 WL 12901969 (W.D. Va. July 25, 2014) (dismissing §2255 motion); *United States v. Nance,* 590 F. App'x 282 (4th Cir. 2015) (unpublished) (denying certificate of appealability and dismissing appeal); *In Re Nance,* 618 F. App'x 186 (4th Cir. 2015) (unpublished) (declining to entertain original habeas petition or transfer it to the district court); *Nance v. United States,* 15-cv-80866-JPJ-RSB (W.D. Va. Nov. 6, 2015) (construing motion to reduce sentence as a §2255 motion and dismissing motion); *Nance v. United States,* 16-cv-81264-JPJ-RSB, 2017 WL 2963523 (W.D. Va. July 12, 2017) (construing motion to reopen § 2255 proceedings as a successive § 2255 motion and dismissing motion); Criminal Case, Doc. 311, 2018 WL 1135565 (W.D. Va. Mar. 2, 2018)(construing and dismissing three separate motions as § 2255 motions); *United States v. Nance,* 732 F. App'x 246 (4th Cir. 2018) (unpublished) (deny certificate of appealability

Dec. 8, 2016) (dismissing § 2241 petition and discussing case history). Nance has filed several other § 2241 petitions in Texas and South Carolina,[3] and has used various names to file his claims: "Jimmy Lawrence Nance, Jimmy L. Nance, James Lawrence Nance, and Jim L. Nance." *Nance v. Dove,* No. 00-cv-03371-HMH, at Doc. 5, p. 3 (D.S.C. Nov. 30, 2000).[4]

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255 and may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new

---

and dismiss appeal); *In Re Nance,* No. 18-369 (4th Cir. Nov. 9, 2018) (denying authorization to file a second or successive § 2255).

[3] *See e.g., Nance v. United States,* No. 98-cv-01666-TH-ESH (E.D. Tex. June, 11, 1998) (case transferred to sentencing court); *Nance v. Pitzer,* No. 98-cv-01960-JJF-ESH (E.D. Tex. Nov. 20, 1998) (case transferred to sentencing court); *Nance v. Pitzer,* No. 98-cv-02017-JJF-ESH (E.D.Tex. Dec. 14, 1998) (case transferred to sentencing court); *Nance v. Ray,* No. 00-cv-00979-HMN (D.S.C. June 15, 2000) (case transferred to the sentencing court), *appeal dismissed,* No. 00-6976 (4th Cir. 2001); *Nance v. Dove,* No. 00-cv-03371-HMH (D.S.C. Feb. 23, 2001) (case transferred to sentencing court); *Nance v. Atkinson,* No. 14-cv-00744-TLW, 2014 WL 12526329 (D.S.C. Aug. 18, 2014), *aff'd,* No. 14-7259 (4th Cir. 2014); *Nance v. Thomas,* No. 15-cv-05099-BHH (D.S.C. Dec. 8, 2016), *aff'd,* No. 16-7738 (4th Cir. 2017).

[4] Nance has also filed a variety of other unsuccessful motions. *See, e.g., In Re Nance,* 121 F.3d 699, 1997 WL 474517 (4th Cir. Aug. 21, 1997) (unpublished) (affirming denial of request for mandamus to prevent certain prosecutors from participating in proceedings); *United States v. Nance*, 145 F.3d 1327, 1998 WL 225120 (4th Cir. May 4, 1998) (unpublished) (affirming denial of motion for recusal of judge); *United States v. Nance*, 166 F.3d 336, 1998 WL 830991 (4th Cir. Dec. 2, 1998) (unpublished) (affirming denial of motion to disallow collection of fees and restitution); *In Re Nance,* 238 F.3d 413, 2000 WL 1861862 (4th Cir. Dec. 20, 2000) (unpublished) (denying request for mandamus to stop Bureau of Prisons from withholding funds to pay restitution and reduce restitution); *United States v. Nance*, 28 F.App'x 305, 2002 WL 199732 (Feb. 8, 2002) (affirming denial of motions for reduction of restitution and for finding and retesting of DNA evidence).

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

As was the case in his previous § 2241 petitions, Nance once again asserts "actual innocence" but makes legal arguments "rather than demonstrating any actual innocence of the criminal offense." *Nance v. Thomas,* No. 15-cv-05099-BHH, at Doc. 7 p. 10. (D.S.C. Apr. 11, 2016). Specifically, he points out that in 1992, the statute of conviction read, "Whoever is guilty of murder in the first degree, shall suffer death unless the jury **qualifies its verdict by adding thereto 'without capital punishment'**, in which event he shall be sentenced to imprisonment for life" (18 U.S.C.A. § 1111

4

(1992) (emphasis added)), that the prosecutor in his case did not seek the death penalty, and that he was sentenced by the court to life imprisonment. *See* Doc. 1, p. 27. He argues that his sentence violates the constitution because the jury was not fully informed on its discretion to impose the death penalty pursuant to the 1992 statute, and that the jury was required to make the determination on both "guilt and whether the punishment of death should be imposed". *Id.* at pp. 9-11. He further argues that because his attorneys failed to raise this issue at the trial and appellate level, he was denied effective assistance of counsel. *Id.* at p. 7.

Nance has raised similar arguments in previous petitions and motions filed with other courts. *See Nance v. United States,* 14-cv-00353-JPJ-RSB, 2014 WL 12901969 (W.D. Va. July 25, 2014); *Nance v. Atkinson,* No. 14-cv-00744-TLW, 2014 WL 12526329 (D.S.C. Aug. 18, 2014). In particular, Nance raised almost identical claims in a § 2241 petition before the District Court of South Carolina and that court found that he failed to demonstrate that there had been a change in the substantive law such that the conduct for which he was convicted is no longer deemed criminal. *Atkinson,* at * 3. Also, in an order dismissing a § 2255 motion, the Western District of Virginia found that the statutory language requiring the jury to qualify its verdict was modified in 1994 "well before [Nance] filed his §2255 motion in 1996" and so he had an available remedy under his original § 2255. 2014 WL 12901969 at *2.

Likewise, this Court finds that Nance satisfies none of the requirements of the savings clause to challenge his conviction pursuant to § 2241. He claims that he is now able to challenge his sentence pursuant to § 2241 because of new case law articulated in *United States v. Wheeler,* 734 F. App'x 892 (4th Cir. 2018), *cert. denied* 139 S. Ct. 1318 (2019), and *Brown v. Caraway,* 719 F.3d 583 (7th Cir. 2013). But this argument fails. *Wheeler* and *Brown* allow prisoners to challenge a fundamental defect in their sentence under § 2241, but "*Brown* still requires the petitioner to meet all three of the *Davenport* requirements." *Ellerman v. Walton,* No. 13-cv-063-CJP, 2014 WL 103831 at *3 (S.D. Ill. Jan 20, 2014). Nance does not cite to any changes in the law regarding his crime of conviction or the sentence

5

that was imposed that postdates his first § 2255 motion. Because a lack of success and limitation on filing successive motions does not render a § 2255 motion an inadequate remedy, § 2241 is not the proper vehicle for review of Nance's conviction and sentence. Accordingly, his Petition will be dismissed with prejudice.

Additionally, Nance is **WARNED** that he may be subject to sanctions for further frivolous or duplicative filings in this District, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. *Alexander*, 121 F.3d at 315-16. In imposing these sanctions, the Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). The Court notes that the United States Supreme Court has already prohibited Nance from filing civil petitions unless the docketing fee is paid because Nance "has repeatedly abused this Court's process". Criminal Case, Doc. 338. Nance should refrain from future vexatious, frivolous, or duplicative filings, if he wishes to avoid these sanctions.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice. Further, Nance is hereby **WARNED** that his continued filing of petitions, papers, or claims that are clearly foreclosed or frivolous in future habeas actions may subject him to sanctions pursuant to *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir. 1997). All pending motions are **DENIED** as moot.

If Nance wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to

pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

_____*s/Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**