# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY LAWRENCE NANCE, #03781-084 | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19-cv-968-SMY ) ) |
| T. G. WERLICH, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jimmy Lawrence Nance was convicted in 1993 by a jury in the Western District of Virginia of first-degree murder of a United States Postal employee engaged in the performance of her official duties, in violation of 18 U.S.C. §§ 1111 and 1114. The Government did not seek the death penalty and he was sentenced to life imprisonment. *United States v. Nance*, No. 92-CR-00135-JPJ-1 (W.D. Va.) ("Criminal Case").

Nance filed this habeas corpus action pursuant to 28 U.S.C. § 2241, arguing that his sentence was void and that he is actually innocent. This Court dismissed the Petition on preliminary review because Nance's arguments do not arise out of any change in the law since the time of his first 28 U.S.C. § 2255 motion. (Doc. 9). Nance's Motion for Reconsideration is now before the Court (Doc. 11).

Nance cites Federal Rule of Civil Procedure 59(e) in his Motion. The Motion was filed within 28 days of the entry of the Order dismissing his Petition, and it will, therefore, be considered under Rule 59(e). Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

1

Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted).

Nance argues that this Court erred in dismissing his Petition because he meets the *Davenport* requirements. He asserts that he could not have raised his current argument at the time of his first § 2255 motion because the research facilities available to him then did not enable him to locate the authorities he now relies on, *Winston v. United States*, 172 U.S. 303 (1899) and *Andres v. United States*, 333 U.S. 740 (1948). See, Doc. 11, pp. 3-4. This argument is premised on a misunderstanding of the *Davenport* requirements. As this Court explained in detail in the Order dismissing the Petition (Doc. 9), a federal prisoner can avail himself of the savings clause of 28 U.S.C. § 2255(e) only if he meets the *Davenport* requirements, that is (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in a prior § 2255 motion and that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Nance does not rely on a new rule of statutory construction at all. And, any argument premised on *Winston* or *Andres* was available to him at the time of his trial, direct appeal, and first § 2255 motion. The question is not whether he was personally aware of the argument; the question is whether the argument was available, and it clearly was.

Nance also argues that he relies on *Wheeler*, which he says is a new Supreme Court case. (Doc. 11, p. 5). *Wheeler* was cited in his Petition at Doc 1, p. 12 and is not a Supreme Court case.

The citation in the Petition, *United States v. Wheeler*, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019), is a denial of certiorari, which has no precedential value. *Teague v. Lane*, 489 U.S. 288, 296 (1989). Moreover, the decision below does not help Nance because, like *Davenport*, it holds that the savings clause can be invoked only where the petitioner relies on a new rule of law. *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018). Nance also argues that this Court is obliged to look beyond procedural defects, citing *Fay v. Noia*, 372 U.S. 391 (1963). However, that case did not involve a § 2241 petition, and was in any event overruled in part by *Wainwright v. Sykes*, 433 U.S. 72 (1977) and abrogated by *Coleman v. Thompson*, 501 U.S. 722 (1991).

Nance next contends that he is "actually innocent" of his sentence, which he argues constitutes a miscarriage of justice and satisfies the third *Davenport* requirement. Without deciding whether he has identified any defect in his sentence at all, the Court again points out that he must satisfy all three of the *Davenport* requirements before he can bring a § 2241 petition.

Lastly, Nance urges this Court to "look beyond the procedural morass" and decide the constitutional question presented so that he will have a "record for appeal." (Doc. 11, p. 6). This Court is bound by Seventh Circuit precedent, and *Davenport* and its progeny hold that a § 2241 petition cannot be maintained unless it relies on a new rule of statutory construction. Because Nance's arguments do not rely on a new rule, they cannot be considered on their merits. Accordingly, the Motion for Reconsideration (Doc. 11) is **DENIED**.

Once again, Nance is **WARNED** that he may be subject to sanctions for frivolous or duplicative filings in this District, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

Under Rule 59(e), Petitioner's filing of his motion (Doc. 11) suspended the deadline for him to appeal the dismissal of this case. Therefore, if he wishes to appeal the dismissal of his §

2241 Petition, his notice of appeal must now be filed with this Court within 60 days of this Order. Fed. R. App. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he chooses to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: April 2, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judg**